NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re:<br><br>NATIONAL POOL CONSTRUCTION, INC.<br>d/b/a/ NATIONAL POOLS & SPAS and<br>NATIONAL AWARD WINNING POOLS &<br>SPAS,<br><br>Defendant. | On Appeal from an Order for<br>the United States Bankruptcy<br>Court, District of New Jersey |
| NATIONAL POOL CONSTRUCTION, INC.<br>LIQUIDATING TRUST,<br><br>Appellant,<br><br>v.<br><br>THE PROVIDENT BANK,<br><br>Appellee. | Civ. No. 12-2157<br><br>Opinion and Order |

THOMPSON, U.S.D.J.

     This matter has come before the Court on an appeal brought by Appellant, National Pool

Construction, Inc. Liquidating Trust ("the Liquidating Trust" or "Appellant"), of the Order

issued by the bankruptcy court on May 14, 2012 ("the Order"), which dismissed the complaint in

the underlying adversary proceeding, *see* (Record on Appeal, Ex. 18).   Appellee, The Provident

Bank ("Provident" or "Appellee"), opposes this appeal.  The Court has decided this appeal based

on the submissions of the parties and without oral argument pursuant to Federal Rule of Civil

Procedure 78(b).  The Court assumes the parties underlying familiarity with the facts of this case.

On appeal, the Liquidating Trust argues, among other things, that the bankruptcy court failed to

apply the proper standard for a motion for judgment on the pleadings under Federal Rule of Civil

Procedure 12(c).  Because the Court agrees that the bankruptcy court appears to have applied an inappropriate standard, the Order issued below will be vacated and this case will be remanded for further proceedings consistent with this Court's Opinion.

In ruling from the bench, the bankruptcy court stated that, because Provident had already filed an answer, the court would decide Provident's pending motion to dismiss as a motion for judgment on the pleadings in accordance with Rule 12(c).  (Record on Appeal, Ex. 19 at 10). The court went on to state that "[t]he standards for such motions are the same as motions for summary judgment."  (*Id.*).  This, however, is not exactly incorrect.

Under Rule 12(c) of the Federal Rules of Civil Procedure, a court will grant judgment on the pleadings if, on the basis of the pleadings, no material issue of fact remains and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 12(c); *DiCarlo*, 530 F.3d at 259.  The standard governing a Rule 12(c) motion is the same one governing motions to dismiss under Rule 12(b)(6).  *Allah v. Hayman*, No. 11-2460, 2011 U.S. App. LEXIS 17860, at *8 (3d Cir. Aug. 25, 2011); *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004).  Therefore, a district court should conduct a three-part analysis.  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).  Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff.  *Fowler*, 578 F.3d at 210–11.  But, the court should disregard any conclusory allegations proffered in the complaint.  *Id.*  Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, the court must determine whether, on these facts, a party is entitled to judgment as a matter of law.  *Sikirica*, 416 F.3d at 220.

When ruling on a motion for judgment on the pleadings, a court generally cannot consider matters outside of the pleadings.  *See In re Burlington Coat Factory Sec. Litig.*, 114

F.3d 1410, 1426 (3d Cir. 1997) (citation omitted).  There is a limited exception to this, such that a court may appropriately consider a document attached to the complaint, a document "integral to or explicitly relied upon in the complaint," or an otherwise indisputably authentic document. *Id.* (citations omitted).  Here, it is clear that the Bankruptcy Court inappropriately relied on matters outside the pleadings, including the certification of Provident's attorney that was attached to its motion.[1]  *See* (Record on Appeal, Ex. 19 at 13–17).

Rule 12(d) further directs that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment."  Fed. R. Civ. P. 12(d).  In a situation such as this, where extraneous materials were considered by the court, it is necessary to give Appellant notice that the pending motion was being converted to a motion for summary judgment so that it would have "a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).  This did not occur.

Generally speaking, it is inappropriate to consider an affirmative defense such as the statute of limitations under Rule 12(c).  However, on a Rule 12(b)(6) or Rule 12(c) motion, a district court may take into consideration an affirmative defense if such a defense "presents an insuperable barrier to recovery by the plaintiff."  *Flight Sys. v. Elec. Data Sys. Corp.*, 112 F.3d 124, 127 (3d Cir. 1997) (citing *Continental Collieries v. Shober*, 130 F.2d 631, 635–36 (3d Cir. 1942)).  This defect in the plaintiff's claim must "appear on the face of the pleading." *Continental Collieries*, 130 F.2d at 635–36; *see also Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997); *Brody v. Hankin*, 145 F. App'x 768, 771 (3d Cir. 2005) (stating that this requirement is "critical").  When a Rule 12(c) motion is based on an affirmative

---

[1] The Court also notes that it would be inappropriate to rely on the Pangis Declaration, (Record on Appeal, Ex. 5), in so far as Rule 56(c)(4) provides that "[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must . . . set out facts that would be admissible at trial . . . ."  Fed. R. Civ. P. 56(c)(4).

defense, a fact that is left out of the pleadings but that is necessary proof required to prevail on the basis of that affirmative defense will be fatal to the defendant's motion.  *See, e.g., Dragotta v. W. View Sav. Bank*, 395 F. App'x 828, 831 (3d. Cir. 2010).

In order to avoid dismissal on a motion for judgment on the pleadings based on the statute of limitations all that is necessary is that a plaintiff pleads the applicability of an equitable doctrine.  *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1391 (3d Cir. 1994).  Moreover, even if the original complaint does not sufficiently plead the applicability of an equitable doctrine, a plaintiff should be afforded an opportunity to amend its pleadings in accordance with the liberal amendment provisions of Rule 15(a).  *See* Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Dole v. Arco Chem. Co.*, 921 F.2d 484 (3d Cir. 1990).  Thus, before dismissing a complaint under Rule 12(c), "a district court must permit a curative amendment, unless an amendment would be inequitable or futile."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)).

Because the court below appears to have applied an inappropriate standard in deciding Appellee's Rule 12(c) motion, the Court will vacate the Order of March 14, 2012 dismissing Appellant's adversarial complaint and remand for further consistent proceedings.  The Court does not address the other issues presented by the parties and leaves these issues, if appropriate, to be decided on remand.

Accordingly, IT IS on this 9th day of August, 2012,

ORDERED that the Order of March 14, 2012 issued by the Bankruptcy Court is VACATED; and it is

4

ORDERED that this case is REMANDED to the Bankruptcy Court for further consistent proceedings.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.